ROBERT BRIAN BLACK                    7659
BENJAMIN M. CREPS                     9959
Public First Law Center
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@publicfirstlaw.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

Attorney for Public First Law Center

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| IN RE:  PUBLIC FIRST LAW CENTER, | MISC. NO. 24-215<br>[CR NO. 22-00048 TMB-NC] |
|---|---|
| Movant. | MOTION TO UNSEAL COURT RECORDS; and CERTIFICATE OF SERVICE |

**MOTION TO UNSEAL COURT RECORDS**

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ i

TABLE OF AUTHORITIES ................................................................................ ii

I.    FACTUAL BACKGROUND ......................................................................2

II.   THE PUBLIC HAS A PRESUMED CONSTITUTIONAL RIGHT OF
      ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS. .....................5

III.  THE PUBLIC HAS A FIRST AMENDMENT RIGHT TO RECORDS
      CONCERNING EVIDENTIARY MOTIONS. ............................................8

IV.   THE PUBLIC ALSO HAS A PRESUMED COMMON LAW RIGHT
      OF ACCESS TO COURT RECORDS. .........................................................9

V.    GRAND JURY SECRECY DOES NOT JUSTIFY SEALING THESE
      RECORDS. ..................................................................................................10

VI.   NOTHING SUPPORTS SEALING THE ENTIRETY OF THE
      COURT'S ORDER. ....................................................................................13

CONCLUSION...................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143 (9th Cir. 1983) ........................... 7

*Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211 (1979) ............................ 12, 13

*Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596 (1982) ........................... 5, 6, 8

*Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940 (9th Cir. 1998) ........ 8, 14

*Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010) ............................... 12

*Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501 (1984) ....................................... 6, 7

*Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1 (1986) ............................................... 8

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) ........................... 5, 6

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) ............................................. 12

*Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989) ....................... 11

*United States v. Brooklier*, 685 F.2d 1162 (9th Cir. 1982) ................................ 8, 14

*United States v. Bus. of the Custer Battlefield Museum & Store*,
   658 F.3d 1188 (9th Cir. 2011) ................................................................................ 9

*United States v. Index Newspapers LLC*, 766 F.3d 1072 (9th Cir. 2014) ............. 10

*Waller v. Georgia*, 467 U.S. 39 (1984) ................................................................... 8

**Federal Rules**

Fed. R. Crim. P. 6 .......................................................................... passim

Pursuant to the public right of access guaranteed by the First Amendment of the United States Constitution and the common law, and in accordance with Criminal Local Rule 5.2(e), Public First Law Center (Public First) moves to unseal filings concerning motions in limine in *United States v. Keith Mitsuyoshi Kaneshiro*, Cr. No. 22-00048 TMB-NC.[1] The parties cannot ask for evidentiary rulings at trial based on secret exhibits absent a compelling reason. Grand jury secrecy is not a compelling reason *under these circumstances*.

Public First respectfully requests that the Court unseal:

- Dkt. 421: Defendants' Response to Government's Motion *in Limine* No. 5;

- Dkt. 422: Government's Response to Defendants' Motion *in Limine* No. 12;

- Dkt. 423: Government's Motion in Limine No. 5;

- Dkt. 511: Order on Defendants' Motions *in Limine* No. 12-13 and United States' Motion *in Limine* No. 5;

- Dkt. 581: Government's Motion in Limine No. 9;

- Dkt. 606: Defendant Terri Ann Otani's Motion in Limine No. 20;

- Dkt. 615: Government's Motion *in Limine* No. 12; and

- Dkt. 618: Defendants' Response to Government's Motion *in Limine* No. 9.

---

[1] Unless otherwise specified, "Dkt." refers to the corresponding docket entry in *United States v. Kaneshiro*, No. 22-CR-48.

## I.   FACTUAL BACKGROUND

As alleged in the First Superseding Indictment, Defendants conspired to have then-Prosecuting Attorney for the City & County of Honolulu Keith Kaneshiro open an investigation and prosecute someone who previously worked for Mitsunaga & Associates, Inc., in exchange for campaign contributions.  Dkt. 70 ¶¶ 11-21.  The Court empaneled a jury on March 19, 2024; trial began the following day and remains ongoing.  *See* Dkt. 559.

Before trial, the parties filed various motions in limine to exclude or admit certain evidence.  On January 22, 2024, the Government moved to seal its unredacted motion to admit evidence of grand jury obstruction (Govt MIL No. 5).  Dkt. 349 (redacted motion); Dkt. 350 (motion to seal).  The motion to seal only references grand jury secrecy.[2]  Dkt. 350.  On January 29, this Court granted the motion to seal for "good cause" based on Fed. R. Crim. P. 6(e).  Dkt. 358.

On February 2, Defendants moved to seal their unredacted response to Govt MIL No. 5.  Dkt. 376 (redacted response); Dkt. 378 (motion to seal).  The motion to seal only references grand jury secrecy.  Dkt. 378.  On February 12, this Court

---

[2] In apparent recognition of potential concerns about access or at least a measure of indifference to whether the Court sealed the records, the Government's various motions to seal state that each motion is made "in an abundance of caution," without providing the full justification for sealing required by the Criminal Local Rules.  Crim. L.R. 5.2(c) ("specify the applicable standard for sealing the information and discuss how that standard has been met").

granted the motion to seal for "good cause" based on Fed. R. Crim. P. 6(e). Dkt. 419.

On February 2, the Government moved to seal their unredacted response to the Defendants' motion to exclude evidence of alleged obstruction of grand jury proceedings (Defs MIL No. 12).[3] Dkt. 394 (redacted response); Dkt. 395 (motion to seal). The motion to seal only references grand jury secrecy. Dkt. 395. On February 12, this Court granted the motion to seal for "good cause" based on Fed. R. Crim. P. 6(e). Dkt. 420.

On March 8, this Court entered an order *under seal* on Defs MIL No. 12, Defs MIL No. 13, and Govt MIL No. 5.[4] Dkt. 511.

During trial, on March 24, the Government moved to seal their unredacted motion to admit the sworn testimony of a witness (Govt MIL No. 9). Dkt. 574 (redacted motion); Dkt. 575 (motion to seal). The motion to seal only references grand jury secrecy. Dkt. 575. On March 25, this Court granted the motion to seal for "good cause" based on Fed. R. Crim. P. 6(e). Dkt. 579.

---

[3] Defendants combined two motions in limine. Dkt. 344. Only Defs MIL No. 12 concerned evidence about grand jury proceedings; the other motion sought to exclude evidence from state court civil cases as proof of intent (Defs MIL No. 13). *Id.* The Government filed a public response to Defs MIL No. 13. Dkt. 385.

[4] None of the briefing for Defs MIL No. 13 was filed under seal. Dkt. 344, 385.

3

On April 1, Defendant Otani moved to seal her unredacted motion to admit evidence regarding her invocation of the Fifth Amendment privilege against self-incrimination (Otani MIL No. 20).  Dkt. 599 (redacted motion); Dkt. 600 (motion to seal).  The motion to seal references grand jury secrecy and the Court's sealed order at Dkt. 511.  Dkt. 600.  On April 2, this Court granted the motion to seal for "good cause" based on Fed. R. Crim. P. 6(e).  Dkt. 605.

On April 2, Defendants moved to seal their unredacted response to Govt MIL No. 9.  Dkt. 609 (redacted response); Dkt. 610 (motion to seal).  The motion to seal references grand jury secrecy.  Dkt. 610.  On April 3, this Court granted the motion to seal for "good cause" based on Fed. R. Crim. P. 6(e).  Dkt. 617.

On April 2, the Government moved to seal its unredacted motion to admit evidence regarding intimidation of a grand jury witness (Govt MIL No. 12).  Dkt. 612 (redacted motion); Dkt. 613 (motion to seal).  The motion to seal references grand jury secrecy.  Dkt. 613.  On April 3, this Court granted the motion to seal for "good cause" based on Fed. R. Crim. P. 6(e).  Dkt. 614.

To the extent explained by the Court, all filings at issue here concern evidentiary motions sealed for "good cause" based on Fed. R. Crim. P. 6(e).  Dkt. 358, 419, 420, 579, 605, 614, 617.

## II.     THE PUBLIC HAS A PRESUMED CONSTITUTIONAL RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS.

The constitutional right of public access to criminal proceedings is among those rights that, "while not unambiguously enumerated in the very terms of the [First] Amendment, are nonetheless necessary to the enjoyment of other First Amendment rights." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 604 (1982). "A major purpose of that Amendment was to protect the free discussion of governmental affairs." *Id.*; *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980) (plurality opinion) (the freedoms in the First Amendment "share a common core purpose of assuring freedom of communication on matters relating to the functioning of government"). Thus, to the extent that the constitution guarantees a qualified right of public access, "it is to ensure that this constitutionally protected 'discussion of governmental affairs' is an informed one." *Globe Newspaper*, 457 U.S. at 605; *Richmond Newspapers*, 448 U.S. at 587 (Brennan, J., concurring) ("Implicit in this structural role is not only the principle that debate on public issues should be uninhibited, robust, and wide-open, but also the antecedent assumption that valuable public debate—as well as other civic behavior—must be informed.").

"By offering such protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper*, 457 U.S. at 604. "[T]he public

has an intense need and a deserved right to know about the administration of justice in general; about the prosecution of local crimes in particular; about the conduct of the judge, the prosecutor, defense counsel, police officers, other public servants, and all the actors in the judicial arena; and about the trial itself." *Richmond Newspapers*, 448 U.S. at 604 (Blackmun, J., concurring).  "[Openness] gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality."  *Id.* at 569; *accord Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 508 (1984) [*Press-Enter. I*] ("[T]he sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known.").

   "A result considered untoward may undermine public confidence, and where the trial has been concealed from public view an unexpected outcome can cause a reaction that the system at best has failed and at worst has been corrupted." *Richmond Newspapers*, 448 U.S. at 571 (plurality); *Globe Newspaper*, 457 U.S. at 606 ("[P]ublic access to the criminal trial fosters an appearance of fairness, thereby heightening public respect for the judicial process."); *Press-Enter. I*, 464 U.S. at 508 ("Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system.").  "People in an open society do not demand infallibility from their institutions, but it is

6

difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, 448 U.S. at 572 (plurality opinion).

The same First Amendment standards for closing courtroom proceedings apply to sealing documents for criminal pretrial proceedings. *E.g.*, *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1145 (9th Cir. 1983). As the Ninth Circuit has observed:

> There is no reason to distinguish between pretrial proceedings and the documents filed in regard to them. Indeed, the two principal justifications for the first amendment right of access to criminal proceedings apply, in general, to pretrial documents. Those two justifications are: "first, the criminal trial historically has been open to the press and general public," and "second, the right of access to criminal trials plays a particularly significant role in the functioning of the judicial process and the government as a whole." There can be little dispute that the press and public have historically had a common law right of access to most pretrial documents — though not to some, such as transcripts of grand jury proceedings. . . . We thus find that the public and press have a first amendment right of access to pretrial documents in general.

*Id.* (citations omitted).

To preserve the societal values reflected in the First Amendment, the U.S. Supreme Court held that "[c]losed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Press-Enter. I*, 464 U.S. at 509. "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve

7

higher values and is narrowly tailored to serve that interest." *Id.* at 510; *accord Globe Newspaper*, 457 U.S. at 606-07.

## III.   THE PUBLIC HAS A FIRST AMENDMENT RIGHT TO RECORDS CONCERNING EVIDENTIARY MOTIONS.

The First Amendment right of access applies to motions to exclude evidence. *United States v. Brooklier*, 685 F.2d 1162, 1171 (9th Cir. 1982); *accord Waller v. Georgia*, 467 U.S. 39, 44-47 (1984) (applying *Press-Enterprise I*, through the Sixth Amendment, to find a right of public access to suppression hearings); *see also Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 10-15 (1986) [*Press-Enter. II*] (public right of access attaches to preliminary hearings).  A motion to admit evidence is no different.

When the First Amendment right of access applies, public access is presumed. *Oregonian Publ'g*, 920 F.2d at 1466-67.  "It is the burden of the party seeking closure . . . to present facts supporting closure and to demonstrate that available alternatives will not protect his rights." *Id.* at 1467.  The proponent of sealing thus has the burden to prove that:  "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998).  The findings may not be based on "conclusory assertions." *Id.*

8

## IV.    THE PUBLIC ALSO HAS A PRESUMED COMMON LAW RIGHT OF ACCESS TO COURT RECORDS.

The Ninth Circuit has recognized a few judicially filed criminal records that are not subject to the common law right of access "because the records have traditionally been kept secret for important policy reasons." *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011). Those categorically exempt records include grand jury proceedings and warrant materials *during pre-indictment investigation*. *Id.*  For all other judicial records, "a strong presumption in favor of access is the starting point." *Id.* at 1194.

For the common law analysis, the "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by . . . articulating compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1194-95.  A court presented with a motion to seal must balance the competing interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1195.  "[T]he court may not restrict access to the documents without articulating both a compelling reason and a factual basis for its ruling." *Id.* at 1196.

9

## V.    GRAND JURY SECRECY DOES NOT JUSTIFY SEALING THESE RECORDS.

Although grand jury secrecy may be a compelling reason for secrecy in some instances, it is not a justification for sealing here.  Grand jury proceedings are secret to protect *ongoing* investigations from potential disclosure *to targets of the investigation*.  When grand jury proceedings have completed, the investigations target has been indicted, and the defendant has access to the grand jury documents, any need for secrecy is greatly diminished.

The focus of sealing under Rule 6(e) is to protect ongoing grand jury investigations.  The Rule prohibits disclosure of matters "occurring" before the grand jury.  Fed. R. Crim. P. 6(e)(2)(B).  The Ninth Circuit explained the limited scope of Rule 6 as to sealing grand jury records:

> Our holding is specifically limited to the public's right of access while the grand jury investigation is ongoing.  This is consistent with Rule 6(e)(6), "Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal *to the extent and as long as necessary* to prevent the unauthorized disclosure of a matter occurring before a grand jury.

*United States v. Index Newspapers LLC*, 766 F.3d 1072, 1088 n.8 (9th Cir. 2014).

Because the grand jury proceedings at issue here resulted in the indicted charges against the Defendants currently on trial, sealing as provided in Rule 6 is no longer necessary to protect an ongoing grand jury investigation.

10

Moreover, the Ninth Circuit has strongly suggested that public access attaches to pre-indictment investigatory materials when pretrial motions are filed in a subsequent criminal case. *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989). After drawing a parallel between grand jury proceedings and pre-indictment search warrants, the Court of Appeals explained that the public does not have a right to access ongoing warrant proceedings simply because "those materials at some point may become the subject of a suppression hearing." *Id.* at 1217. Noting that public access may be justified later, the *Times Mirror* court explained:

> While warrant materials may, in due course, be disclosed to a defendant so she can challenge the constitutionality of the search at a suppression hearing to which the public has a First Amendment right of access, it does not follow that the public should necessarily have access to the information *before that time*.

*Id.* at 1217-18 (emphasis added). Thus, it has been the practice in this District, including in this case, to provide public access to grand jury records attached to pretrial motions after an indictment, unless other compelling reasons justify sealing or redaction. Dkt. 241 (minutes for hearing that denied motion to seal grand jury transcripts attached to motion to dismiss); *United States v. Kealoha*, No. 17-CR-582 JMS-RLP, Dkt. 419 (ordering unsealed—with minor redaction—grand jury documents attached to motions to dismiss and motion to compel); *United States v.*

11

*Leong*, No. 21-CR-142 LEK, Dkt. 127 at PageID#:694-96 (denying motion to seal

grand jury documents attached to motion to compel).[5]

     And the general reasons for sealing grand jury proceedings do not apply in

this instance.  The U.S. Supreme Court outlined the reasons for grand jury secrecy:

> (1) To prevent the escape of those whose indictment may be
> contemplated; (2) to insure the utmost freedom to the grand jury in its
> deliberations, and to prevent persons subject to indictment or their
> friends from importuning the grand jurors; (3) to prevent subornation
> of perjury or tampering with the witness who may testify before [the]
> grand jury and later appear at the trial of those indicted by it; (4) to
> encourage free and untrammeled disclosures by persons who have
> information with respect to the commission of crimes; (5) to protect
> innocent accused who is exonerated from disclosure of the fact that he
> has been under investigation, and from the expense of standing trial
> where there was no probability of guilt.

*Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 219 n.10 (1979).[6]

---

[5] Based on the overlapping substance of Defendant Otani's motion to dismiss (Dkt. 247) and her redacted motion in limine (Dkt. 599), the grand jury references now sealed in connection with the motion in limine likely are publicly available as part of the motion to dismiss.

[6] *Douglas Oil* considered the standard for third-party access to grand jury transcripts during discovery in a civil case. *Id.* at 216.  There is a significant difference between the discovery standards for litigant access to materials that were never filed in court and the standards for public access to filings made in connection with a motion in a criminal case. *See, e.g.*, *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (distinguishing the standards for access to "private materials unearthed during discovery" from the access standard for documents filed as part of the judicial record); *accord Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-33 (1984) (restrictions in protective order for civil discovery do not violate First Amendment).

As the *Douglas Oil* Court recognized, when an grand jury investigation is completed and the defendant has access to the transcript, "the considerations justifying secrecy become less relevant." 441 U.S. at 223. To the extent the order at issue here identifies a non-government witness or grand juror not already publicly known, Public First would not object to redacting the identity of the witness or grand juror.[7]

Here, Defendants have access to the grand jury records that have been filed and discussed in connection with the evidentiary motions. General concerns about absconding targets, witness or grand juror intimidation, or the privacy of innocent targets—which typically support the secrecy of a grand jury proceeding— disappeared once Defendants were indicted and given access.

Neither Rule 6(e) nor general principles of grand jury secrecy justify continued sealing of grand jury records attached or referenced in these evidentiary motions and related order.

## VI. NOTHING SUPPORTS SEALING THE ENTIRETY OF THE COURT'S ORDER.

Even if a compelling interest existed here and there was a substantial probability that disclosure would harm such an interest, the scope of sealing must

---

[7] Government witnesses should not need the secrecy of grand jury proceedings to guarantee "free and untrammeled" testimony. *Douglas Oil*, 441 U.S. at 219 n.10.

13

be narrowly tailored to address the purported harm.  There must be no other less

drastic alternative to sealing the entire filing.

The Court must articulate with specific facts why other alternatives will not

suffice.  *E.g.*, *Phoenix Newspapers*, 156 F.3d at 950-51 (holding insufficient the

court's conclusory observation concerning redactions "that so much of the

transcript would have to be redacted that the remaining portion would be

unintelligible and/or would shed little, if any, light on the proceeding.").  The

Court order on Defendants' motions in limine 12 and 13 (Dkt. 511) does not need

to be sealed in its entirety.  First, both Defendants and the Government provided

redacted briefing for Defs MIL 12, and presumably the Court's order regarding

that motion also could be redacted.  Second, neither Defendants nor the

Government sought to seal briefing for Defs MIL 13, so sealing should not be

necessary for the portions of the Court's order that address that motion.  Thus, if

the Court maintains the seal on related grand jury records, Public First would

request at a minimum the disclosure of a redacted version of the Court's order

(Dkt. 511).

To the extent that the documents at issue raises more specific concerns than

generalized grand jury secrecy, it is unclear what might justify sealing.  Absent

further information regarding the specific concerns, the public cannot suggest

14

alternatives to sealing. *Brooklier*, 685 F.2d at 1169 (encouraging those asserting the First Amendment right of access "to assist in the search for alternatives").

## CONCLUSION

Based on the foregoing, the Public First respectfully requests that the Court unseal Dkt. 421, 422, 423, 511, 581, 606, 615, and 618.

DATED:  Honolulu, Hawai`i, April 5, 2024

/s/ Robert Brian Black
ROBERT BRIAN BLACK
BENJAMIN M. CREPS
Attorney for Public First Law Center

15